```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO


FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR          Civil No. 13-1199 (JAG)
EUROBANK AND AS SERVICE AGENT
FOR THE ECONOMIC DEVELOPMENT           Re:  Collection of Money
BANK FOR PUERTO RICO

        Plaintiffs,

        v.

GRUPO NOVEL, INC.; JUAN ARTURO
CASTRO RAMÍREZ; GIOVANNA MATOS
DE JUAN AND THE CONJUGAL
PARTNERSHIP COMPRISED BY THEM

        Defendants.
```

**OPINION AND ORDER**

**I.   Introduction**

On March 6, 2013, the Federal Deposit Insurance Corporation as Receiver of Eurobank (FDIC-R) filed its Complaint for collection of money and execution of guaranty against Grupo Novel, Inc., Juan Arturo Castro-Ramírez, Giovanna Matos-De Juan and the conjugal partnership Castro-Matos. ("Defendants"). (ECF No. 1.) On March 19, 2013 the Complaint was amended to include claims for the Economic Development Bank for Puerto Rico ("EDB"). (ECF No. 6.) FDIC-R alleged that Defendants defaulted in their payments due under a Credit Agreement executed on December 26, 2006, amended on June 13, 2008, and sought payment in the principal amount of $2,975,000,

1

plus interest, charges, insurance advances, costs and fees. (ECF No. 1.)

Co-defendants Grupo Novel, Inc., Juan A. Castro-Ramírez and the conjugal partnership Castro-Matos through Mr. Castro were personally served with the summonses and First Amended Complaint on April 11, 2013. (ECF Nos. 7-9.) On May 10, 2013, the FDIC-R requested entry of default against these co-defendants since they failed to respond to the First Amended Complaint. (ECF No. 12.) On June 6, 2013 the Clerk of Court entered a default as to Grupo Novel, Inc. and Juan A. Castro-Ramírez. (ECF No. 17.)

On June 5, 2013 FDIC-R was authorized to serve the summonses of co-defendants Giovanna Matos and the conjugal partnership Castro-Matos through Mrs. Matos by publication. (ECF No. 14.) On June 7, 2013 the summonses were published in a newspaper of general circulation in Puerto Rico. (ECF No. 18-1.) On July 11, 2013, the FDIC-R requested entry of default against Mrs. Giovanna Matos-De Juan and the conjugal partnership Castro-Matos since they failed to respond to the First Amended Complaint. (ECF No. 20.) The Clerk of Court entered the default as to these co-defendants on July 12, 2013. (ECF No. 22.)

Defendants have never filed an answer or responsive pleading to the First Amended Complaint. Furthermore, they never filed any document in the case of caption. On August 12, 2013, FDIC-R filed its Motion for Entry of Default Judgment with

sworn statements evidencing the amounts due for the loan at issue. (ECF No. 25.)

## II. The Facts

As alleged in the First Amended Complaint, on December 26, 2006, Grupo Novel, Inc., as borrower, and Juan Arturo Castro-Ramírez, Giovanna Matos-De Juan and their conjugal partnership as joint and several guarantors, subscribed a Credit Agreement with Eurobank and the Economic Development Bank of Puerto Rico (hereinafter the "Agreement"). (Amended Complaint at Exhibit 1, ECF No. 6-1.) The Parties executed an Amendment to the Agreement on June 13, 2008 to extend the maturity date of the credit facility to April 20, 2009 and provided for new collateral to be pledged. (*Id.* at Exhibit 5, ECF No. 6-5.) The Agreement granted a revolving line of credit in the principal amount of $2,975,000 which was due on demand or at the termination date. (*Id.* at Exhibit 1, ECF No. 6-1, Agreement at §§2.1 and 2.4; Exhibit 5, ECF No. 6-5, Amended Agreement at §§2.1 and 2.4.) After further amendments to the Credit Agreement, the maturity date of the credit facility was extended until April 30, 2010. (*Id.* at Exhibit 6, ECF No. 6-6.)

The Agreement provided that interest would accrue at a fluctuating annual rate equal to 200 basis points over and above the Eurobank Prime Rate on the unpaid principal balance of each advance. (ECF No. 6-1 and 6-5, Agreement and Amended Agreement

at § 2.4.) Additionally, the Agreement provided that the interest applicable to the outstanding principal during any period when an event of default occurred shall be a rate per annum equal to 300 basis points over and above the rate per annum to be paid on the Master Promissory Notes. (ECF No. 6-1, Agreement at §§ 2.5 and 8.)

To evidence the Agreement, on December 26, 2006, Defendants also subscribed two Master Promissory Notes in the amount of $1,487,500 each representing its obligations under the Credit Agreement with Eurobank and EDB. Under one of the notes Grupo Novel, Inc. issues the obligation to pay to the order of Eurobank and under the other note to the order of EDB. (Amended Complaint at Exhibits 2 and 3, ECF No. 6-2 and 6-3.) Furthermore, it provided that Defendants are liable for the repayment or reimbursement of reasonable out of pocket costs and expenses of the Lenders, including reasonable attorneys' fees, in connection with any event of default and any collection proceedings resulting therefrom. (*Id.* at Exhibit 1, ECF No. 6-1, Agreement at §10.7.)

To guarantee payment of the loan, co-defendants Juan Arturo Castro-Ramírez, Giovanna Matos-De Juan and their conjugal partnership executed a Continuing and Unlimited Guaranty on December 26, 2006. (*Id.* at Exhibit 4, ECF 6-4.) Pursuant to the Continuing and Unlimited Guaranty, they jointly and severally

4

guaranteed the performance of all the obligations incurred by Grupo Novel, Inc. under the Credit Agreement. The amendments to the Credit Agreement did not affect in any manner the extent or effectiveness of said guarantees.

On April 30, 2010 the loan to Grupo Novel, Inc. matured without payment of principal and accrued interest. (*See* Amended Complaint at ¶ 13, ECF No. 6; Sworn Statement of David Hudson, ECF No. 22-2 at ¶ 4.)Thus, the amounts owed are due, liquid, and payable.

On April 30, 2010, Eurobank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and FDIC-R was appointed its receiver. Upon its appointment as receiver, FDIC-R succeeded to all rights, title and interest in the assets of Eurobank, including the loan at issue in this case, by virtue of law. Furthermore, pursuant to this appointment and the liabilities that it involved, FDIC-R became service agent of EDB under this loan. *See* 11 U.S.C. §§ 1821(d)(2)(A)(i) and 1821(d)(2)(B).

As of July 19, 2013, Defendants owe to FDIC-R the principal sum of $624,614.00, plus accrued interest from July 28, 2010 to July 19, 2013 of $136,959.06, plus default interest of $61,316.27, plus a late charge of $39,768.82. (Statement Under Penalty of Perjury of Gary Ellis at ¶5, ECF No. 25-2.) Interest and default interest continue to accrue on the principal balance

at a per diem rate of $121.45 and $52.05, respectively, until fully paid. (*Id.*)

In addition, as of August 8, 2013, Defendants owe to EDB the principal sum of $588,183.73, plus accrued interest from August 8, 2013 of $146,874.85. (Statement Under Penalty of Perjury of Eric Cortés-Cintrón at ¶4, ECF No. 25-3.) Interest continues to accrue at a per diem rate of $114.37 until fully paid. (*Id.*)

Moreover, Defendants are liable for the reimbursement of all reasonable costs, expenses and attorney's fees. (Agreement at §10.7, ECF No. 6-1). As of August 8, 2013 Plaintiffs have incurred costs, expenses and attorney's fees totaling $16,238.83. (Statement Under Penalty of Perjury of Jairo Mellado, Esq. at ¶4, ECF No. 25-4).

### III. The Law

Pursuant to 12 U.S.C. § 1819(b)(2), with certain exceptions not applicable to this case, all civil lawsuits to which the FDIC, in any capacity, is a party are deemed to arise under the laws of the United States.  Thus, pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action.

Defendants are indebted to the FDIC-R and EDB pursuant to the Agreement entered on December 26, 2006.  The loan is past

due and payable. The Defendants have breached their payment obligations.

Pursuant to Article 1044 of the Civil Code, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Laws of P.R. Ann. tit. 31, § 2994. Contracts in the Commonwealth of Puerto Rico are created if the following requisites exist: (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation which may be established. Laws of P.R. Ann. tit. 31, § 3391; See Neca Mortg. Corp. v. A & W Dev. S.E., 137 P.R. Dec. 860, 871 (1995). Furthermore, in clarification of section 3391, section 3401 indicates in relevant part that, "consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." Laws of P.R. Ann. tit. 31, §3401. Thus, the traditional elements of offer, acceptance, and consideration in the formation of contract under common law jurisdictions are also reflected in sections 3391 and 3401 of the Civil Code.

Debtors' personal responsibility to comply with their obligations shall not be altered by a mortgage or any other collateral of the loan. Accordingly, they shall continue to respond with all their present and future assets until the debt

is satisfied. See Laws of P.R. Ann. tit. 31, §5171.

**IV. Conclusion**

Defendants failed to file an answer or other responsive pleading to the Complaint or Amended Complaint in accordance with Fed. R. Civ. P. 12(a)(1)(A)(i) and 15(a)(3). Furthermore, they did not oppose the entry of default by the Clerk, nor request the Court to set aside the default entered on June 6 and July 12, 2013 against them. Thus, FDIC-R's Motion for Entry of Default Judgment against Defendants (ECF No. 25) pursuant to Fed. R. Civ. P. 55(b) is **GRANTED**.

Accordingly and as a matter of law, Defendants are hereby ordered to pay FDIC-R the principal amount of $624,614.00 plus interest as of August 16, 2013 of $140,481.11[1], default interest of $62,825.72[2], a late charge in the sum of $39,768.82, and one half of the attorneys' fees, expenses and costs incurred in the amount of $8,119.42 for a total sum due of **$875,809.07** as of August 16, 2013.

Furthermore, Defendants are hereby ordered to pay EDB the principal amount of $588,183.73, plus interest as of August 16,

---

[1] Accrued interest as of July 19, 2013 was $136,959.06 with a daily per diem rate of $121.45. (Statement Under Penalty of Perjury of Gary Ellis at ¶5, ECF No. 25-2.) There are 29 days between July 19, 2013 and August 16, 2013 resulting in additional accrued interest of $3,522.05.

[2] Accrued default interest as of July 19, 2013 was $61,316.27 with a daily per diem of $52.05. (Statement Under Penalty of Perjury of Gary Ellis at ¶5, ECF No. 25-2.) There are 29 days between July 19, 2013 and August 16, 2013 resulting in additional default interest of $1,509.45.

8

2013 of $147,904.18[3] and one half of the attorneys' fees, expenses and costs incurred in the amount of $8,119.42 for a total sum due of **$744,207.33** as of August 16, 2013.

Since Defendants failed to pay the amounts due under the Credit Agreement per the terms provided by law, the execution of guarantees by Juan A. Castro-Ramírez, Giovanna Matos-De Juan and their conjugal partnership on December 26, 2006 is hereby ORDERED.

Default Judgment against all Defendants to be entered in accordance herewith.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of September, 2013.

s/Jay A. Garcia-Gregory
JAY A. GARCÍA-GREGORY
UNITED STATES DISTRICT JUDGE

---

[3] Accrued interest as of August 8, 2013 was $146,874.85 with a daily per diem of $114.37. (Statement Under Penalty of Perjury of Eric Cortés-Cintrón at ¶4, ECF No. 25-3.) There are 9 days between August 8, 2013 and August 16, 2013 resulting in additional accrued interest of $1,029.33.

9